Opinions of the Colorado Supreme Court are available to the public and can be accessed through the Judicial Branch's homepage at http://www.courts.state.co.us. Opinions are also posted on the Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
February 18, 2020

**2020 CO 13**

**No. 19SC157, *Ziegler v. Park Cty. Bd. of Cty. Comm'rs*—Property Taxation—Statutory Interpretation.**

The supreme court considers the "contiguous parcels of land" and "used as a unit" requirements of the "residential land" definition in section 39-1-102(14.4)(a), C.R.S. (2019) ("'Residential land' means a parcel or contiguous parcels of land under common ownership upon which residential improvements are located and that is used as a unit in conjunction with the residential improvements located thereon.").

The supreme court holds that vacant land must physically touch another parcel containing a residential improvement to satisfy the contiguity requirement. And the supreme court applies *Board of County Commissioners v. Hogan*, 2020 CO __, __ P.3d __, to reject as erroneous the legal standards the assessor and the Board of Assessment Appeals applied to determine whether the landowner's property uses satisfy the "used as a unit" requirement.

The supreme court reverses the order of the Board of Assessment Appeals and remands the case for further action consistent with this opinion.

**The Supreme Court of the State of Colorado**
2 East 14th Avenue • Denver, Colorado 80203

---

**2020 CO 13**

---

**Supreme Court Case No. 19SC157**
*C.A.R. 50 Certiorari to the Colorado Court of Appeals*
Court of Appeals Case No. 18CA247
Board of Assessment Appeals Case No. 69920
Board Members DeVries and Maricle

---

**Petitioner:**

Stephen J. Ziegler, Revocable Trust Dated July 17, 2008,

v.

**Respondents:**

Park County Board of County Commissioners and Board of Assessment Appeals.

---

**Judgment Reversed**
*en banc*
February 18, 2020

---

**Attorneys for Petitioner:**
Ryley Carlock & Applewhite
F. Brittin Clayton III
  *Denver, Colorado*

**Attorneys for Respondent Park County Board of County Commissioners:**
Michow Cox & McAskin
Marcus McAskin
Christiana McCormick
  *Greenwood Village, Colorado*

**Attorneys for Respondent Board of Assessment Appeals:**
Philip J. Weiser, Attorney General
Katie Allison, Senior Assistant Attorney General
*Denver, Colorado*

**Attorneys for Amici Curiae Boards of County Commissioners of the Counties of Boulder, Chafee, Eagle, Grand, Jefferson, La Plata, Larimer, Mesa, Pitkin, San Miguel, and Summit:**

Michael A. Koertje, Boulder County Attorney's Office
*Boulder, Colorado*

Jennifer A. Davis, Chafee County Attorney's Office
*Salida, Colorado*

Christina Hooper, Eagle County Attorney's Office
Katherine Parker
*Eagle, Colorado*

Christopher Leahy, Grand County Attorney's Office
*Hot Sulphur Springs, Colorado*

Rebecca Klymkowsky, Jefferson County Attorney's Office
*Golden, Colorado*

Kathleen Lyon Moore, La Plata County Attorney's Office
*Durango, Colorado*

David P. Ayraud, Larimer County Attorney's Office
Frank N. Haug
*Fort Collins, Colorado*

J. Patrick Coleman, Mesa County Attorney's Office
John R. Rhoads
*Grand Junction, Colorado*

Laura C. Makar, Pitkin County Attorney's Office
*Aspen, Colorado*

Amy T. Markwell, San Miguel County Attorney's Office
    *Telluride, Colorado*

Juliane T. DeMarco, Summit County Attorney's Office
    *Breckenridge, Colorado*

**JUSTICE HOOD** delivered the Opinion of the Court.
**JUSTICE SAMOUR** concurs in part and dissents in part, and **JUSTICE BOATRIGHT** and **JUSTICE GABRIEL** join in the concurrence in part and dissent in part.

¶1    This case requires us to construe the definition of residential land in section 39-1-102(14.4)(a), C.R.S. (2019).  Stephen J. Ziegler (through the Stephen J. Ziegler Revocable Trust Dated July 17, 2008) owns four parcels of land in Park County, Colorado.  One parcel is classified as "residential land" under section 39-1-102(14.4)(a) and taxed accordingly.  However, the other three parcels remain "vacant land" and are thus taxed at a higher rate.  Mr. Ziegler seeks to reclassify those vacant parcels as residential land and receive a corresponding tax abatement.

¶2    "'Residential land' means a parcel or contiguous parcels of land under common ownership upon which residential improvements are located and that is used as a unit in conjunction with the residential improvements located thereon." § 39-1-102(14.4)(a).  Here, it's undisputed that Mr. Ziegler holds all four parcels "under common ownership."  Yet it's unclear whether two of the vacant parcels qualify as "contiguous parcels of land" or whether Mr. Ziegler's use of the vacant parcels satisfies the "used as a unit" requirement.[1]

---

[1] We accepted certification pursuant to section 13-4-109, C.R.S. (2019), and C.A.R. 50(b) to review the following issues:

1. [REFRAMED] Whether properties must be physically touching to satisfy the "contiguous parcels" requirement of section 39-1-102(14.4)(a), C.R.S. (2018).

4

¶3 We decide two other cases today that shed light on those disputed requirements. We hold in *Mook v. Board of County Commissioners*, 2020 CO __, __ P.3d __, that only physically touching parcels of land qualify as "contiguous." Accordingly, we conclude that vacant land must physically touch another parcel containing a residential improvement to satisfy the contiguity requirement. And in *Board of County Commissioners v. Hogan*, 2020 CO __, __ P.3d __, we reject as erroneous the legal standards used by the county assessor and Board of Assessment Appeals ("BAA") and hold that (1) a residential improvement isn't needed on each contiguous and commonly owned parcel of land for that parcel to be "used as a unit," and (2) a landowner can satisfy the "used as a unit" requirement by using multiple parcels of land together as a collective unit of residential property. The BAA here applied the same legal standards that we expressly disavow today in *Hogan*. Thus, we reverse the BAA's order and remand for the BAA to apply the standards we articulate today to determine whether the vacant parcels qualify as "residential land."

---

2. [REFRAMED] Whether the board of assessment appeals properly construed the "used as a unit" requirement of section 39-1-102(14.4)(a), C.R.S. (2018).

5

## I. Facts and Procedural History

¶4 Stephen Ziegler (through the Stephen J. Ziegler Revocable Trust Dated July 17, 2008) owns four parcels of land in Park County. One parcel contains a house, and it's classified as residential land ("the residential parcel"). A second parcel directly borders the residential parcel, and it's classified as vacant land ("subject parcel 1"). Two more parcels border subject parcel 1 but don't physically touch the residential parcel. They're also classified as vacant land ("subject parcel 2" and "subject parcel 3").



¶5 Mr. Ziegler petitioned to reclassify the subject parcels from vacant land to residential land. The Park County Board of County Commissioners ("BCC") denied his petition, and Mr. Ziegler appealed to the BAA, asserting that the subject

parcels qualify as "residential land" under section 39-1-102(14.4)(a). The BAA upheld the BCC's determination.

¶6    First, the BAA acknowledged that county records indicate the Stephen J. Ziegler Revocable Trust Dated July 17, 2008 owns all four parcels, thereby satisfying the "common ownership" requirement. The BAA then noted that the parties don't dispute that subject parcel 1 satisfies the contiguity requirement, as it shares a common boundary with the residential parcel. However, the BAA also recognized that subject parcels 2 and 3 might still qualify as residential land, because "an interim vacant parcel . . . could create contiguity for the non-touching parcel, assuming all the other tests of residential classification are met."

¶7    Yet the BAA determined that the BCC "correctly applied Section 39-1-102(14.4) and the procedures contained in the [Assessors' Reference Library]"[2] to determine that "the Subject lots do not meet the definition of residential land." At the BAA hearing, Mr. Ziegler testified that he bought the property for use as a recreational "mountain ranch." He only lives on the property

---

[2] The tax code requires the Property Tax Administrator to produce manuals, procedures, and instructions to aid assessors in their valuation and assessment of property taxes. § 39-2-109(1)(e), C.R.S. (2019). The Property Tax Administrator thus produces the Assessors' Reference Library ("ARL"), which assessors must follow. *Huddleston v. Grand Cty. Bd. of Equalization*, 913 P.2d 15, 17–18 (Colo. 1996).

7

about four to six weeks a year; however, when present, he treats all four parcels as a single unit of property and goes horseback riding and hiking, rides all-terrain vehicles, shoots, and camps. He invites family, friends, and business associates to stay at the property. When Mr. Ziegler isn't staying on the land, a ranch manager takes care of the property.

¶8    However, the BAA determined that the subject lots weren't "essential to [Mr. Ziegler's] enjoyment of the residential improvements," since "the uses claimed by [Mr. Ziegler] that might have occurred on the Subject Lots could be conducted on the Residential Lot." And, the BAA concluded that Mr. Ziegler's asserted use of the subject lots "for the enjoyment and preservation of views . . . are not uses in conjunction with the residential improvements." The BAA ultimately upheld the BCC's decision to deny Mr. Ziegler's request to reclassify the subject parcels.

¶9    Mr. Ziegler again appealed, and this court accepted jurisdiction from the court of appeals pursuant to section 13-4-109, C.R.S. (2019), and C.A.R. 50(b).

## II. Analysis

¶10    We begin by stating the standard of review. We then apply our holding in *Mook* to conclude that vacant land must physically touch another parcel containing a residential improvement to satisfy the contiguity requirement. Finally, we apply our decision in *Hogan* to reject as erroneous the legal standards the BCC and the

8

BAA applied to determine whether Mr. Ziegler's use of the subject parcels satisfies the "used as a unit" requirement.

## A. Standard of Review

¶11 "When we analyze the [BAA's] orders on appeal, we (1) review questions of law and interpretations of the applicable statutory and constitutional provisions de novo; and (2) apply those interpretations to the facts duly determined in the proceedings of the [BAA]." *Roaring Fork Club, LLC v. Pitkin Cty. Bd. of Equalization*, 2013 COA 167, ¶ 21, 342 P.3d 467, 470–71. "We defer to the [BAA's] factual findings, but we will set aside an order issued by the [BAA] if we conclude that competent evidence does not support the order, or if the order 'reflects a failure to abide by the statutory scheme for calculating property tax assessment[s].'" *Id.*, 342 P.3d at 471 (quoting *Jefferson Cty. Bd. of Cty. Comm'rs v. S.T. Spano Greenhouses, Inc.*, 155 P.3d 422, 424 (Colo. App. 2006)).

## B. "Contiguous Parcels"

¶12 The parties don't dispute that subject parcel 1, which physically touches the residential parcel, satisfies the contiguity requirement. However, the parties disagree regarding whether subject parcels 2 and 3, which border subject parcel 1 but don't touch the residential parcel, also qualify as "contiguous parcels of land."

¶13 The BAA noted that "an interim vacant parcel that is physically contiguous to both a Residential Lot and a non-touching vacant parcel could create contiguity

9

for the non-touching parcel." And Mr. Ziegler contends that we should uphold that interpretation of section 39-1-102(14.4)(a), albeit on slightly different grounds. He asserts that all three subject parcels qualify as "contiguous parcels of land" under the statute since "it is possible to draw a continuous boundary around the entire residential assemblage (ignoring intervening roads and rights-of-way which do not defeat contiguity)."

¶14 In the single-parcel context, an individual parcel must independently contain a residence to qualify as residential land. The Colorado Constitution defines "residential real property" to "include all residential dwelling units and the land, as defined by law, *on which such units are located*." Colo. Const. art. X, § 3(1)(b) (emphasis added). Further, section 39-1-102(14.4)(a) defines a single parcel of residential land as "*a parcel . . . of land . . . upon which residential improvements* are located and that is used as a unit in conjunction with the residential improvements located thereon." (Emphasis added.)

¶15 The General Assembly defined "residential improvements" to include a residence. § 39-1-102(14.3). And although section 39-1-102(14.3) states that "buildings, structures, fixtures, fences, amenities, and water rights" also qualify as residential improvements, the legislature qualified that language by noting those improvements must be "an integral part of the residential use." For example, a fence standing alone on a single parcel couldn't serve as an "integral part of the

10

residential use" because, without a house, there exists no accompanying residential use. Thus, to classify a single parcel as residential land, it must contain a residential dwelling unit.

¶16 However, section 39-1-102(14.4)(a) expressly allows landowners to satisfy the multi-parcel definition of residential land. In the multi-parcel context, "residential land" includes "*contiguous parcels of land* under common ownership *upon which residential improvements* are located and that is used as a unit in conjunction with the residential improvements located thereon." § 39-1-102(14.4)(a) (emphases added). In *Mook*, which we also decide today, we hold that "contiguous," as it's used in section 39-1-102(14.4)(a), only refers to parcels of land that physically touch. ¶ 5. Thus, residential land includes "[*physically touching*] parcels of land . . . upon which residential improvements are located." *See* § 39-1-102(14.4)(a) (emphasis added).

¶17 In so defining residential land, the legislature expressly anchored the requirement that multiple parcels physically touch to the requirement that those parcels together contain residential improvements. Therefore, for a multi-parcel assemblage to satisfy the contiguity requirement, a parcel of land must physically touch another parcel containing a residential improvement. Accordingly, the BAA erred in its interpretation of section 39-1-102(14.4)(a).

11

¶18    In support of his argument that we should interpret the contiguity requirement more broadly, Mr. Ziegler cites the phrase "the forty-eight *contiguous* United States" to highlight how parcels remain contiguous even when "not every parcel touches every other parcel." The lower forty-eight states are contiguous, Mr. Ziegler contends, "because each State shares a boundary with at least one other State, and therefore a continuous boundary can be drawn around the assemblage." Similarly, one can draw a continuous boundary around the residential parcel and the three subject parcels. Mr. Ziegler thus contends that his multi-parcel assemblage satisfies the contiguity requirement.

¶19    But to inject this understanding of contiguity into section 39-1-102(14.4)(a) would invariably lead to absurd results. To analogize, if each state were a parcel of land, would the entire lower forty-eight states satisfy the contiguity requirement merely because Delaware (known as "the First State") contains a residence, even if the rest of the country were completely undeveloped? We must avoid constructions that would lead to illogical or absurd results. *Carrera v. People*, 2019 CO 83, ¶ 17, 449 P.3d 725, 729. And the statute itself dictates a logical stopping point that prevents this absurdity: Not only must each parcel physically touch, it must physically touch another parcel that contains a residential improvement. In so limiting the definition of "contiguous parcels," we refrain from adding requirements to the residential land definition. *See Boulder Cty. Bd. of*

12

*Comm'rs v. HealthSouth Corp.*, 246 P.3d 948, 951 (Colo. 2011) ("We do not add words to a statute.").  We only go where the statute takes us.[3]

¶20  This requirement is necessarily satisfied when vacant land borders a single parcel already classified as residential land.  As noted above, a parcel independently classified as residential land must contain a residence.  Thus any vacant parcel that borders such residential land physically touches a parcel containing a residential improvement, thereby satisfying the contiguity requirement of section 39-1-102(14.4)(a).

¶21  However, an undeveloped parcel could satisfy this requirement by physically touching another parcel that doesn't contain a residence.  Although the

---

[3] To be clear, we recognize that, consistent with *Mook*, the phrase "the forty-eight contiguous United States" refers to the lower forty-eight states that physically touch (as compared to the two remaining states—Alaska and Hawaii—that don't physically touch any other state).  However, while we hold in *Mook* that it's *necessary* for parcels to physically touch to qualify as "contiguous parcels of land," we recognize here that touching alone isn't always *sufficient* to satisfy the contiguity requirement of section 39-1-102(14.4)(a).  Because *Mook* didn't require this court to examine the impact that intervening, undeveloped parcels have on the contiguity requirement, we refrained from articulating how the contiguity requirement would operate in that context.  But the present case requires us to determine how the residential land definition applies in those very circumstances.  Thus, we reaffirm our holding in *Mook* that contiguous parcels are those that physically touch.  However, we now build upon that principle by recognizing that, in the present case, the plain language of section 39-1-102(14.4)(a) requires more: A parcel of land must physically touch another parcel containing a residential improvement.

13

Colorado Constitution and the tax code each require that a residential dwelling unit exist on residential land, section 39-1-102(14.3) also broadly defines residential improvements to include "buildings, structures, fixtures, fences, amenities, and water rights that are an integral part of the residential use." If one parcel contains a residence and another, contiguous parcel contains, say, fencing (or a garage or a shed), that is "an integral part of the residential use," then a third, undeveloped parcel that physically touches the parcel containing that improvement would satisfy the contiguity requirement. (Of course that is only one-third of the equation: The "used as a unit" and "common ownership" hurdles would remain.)[4]

---

[4] In explaining how the contiguity requirement would operate in this context, we by no means call into question our holding in *Hogan* that each contiguous parcel of land doesn't need to contain a residential improvement in order to satisfy the *used as a unit* prong of the "residential land" definition. To qualify as residential land, a parcel must satisfy the three distinct elements of section 39-1-102(14.4)(a). Here, we only clarify that, to satisfy the *contiguity* requirement, an undeveloped parcel of land containing no residential improvements must physically touch another parcel containing a residential improvement. To the extent this might lead to inconsistent results—with some undeveloped parcels qualifying as residential land (because they physically border another parcel containing a residential improvement and otherwise satisfy the "used as a unit" and "common ownership" requirements) while others do not (because, despite satisfying the "used as a unit" and "common ownership" requirements, they don't physically touch another parcel containing a residential improvement)—the language of the statute dictates as much.

14

¶22 A quick example, complete with highly sophisticated clipart, may serve to make this more clear. Figure 1 depicts a multi-parcel assemblage in which an undeveloped parcel would satisfy the contiguity requirement.



Figure 1.

The left parcel contains a house—the required residential dwelling unit for the assemblage. The middle parcel contains a garage, which we assume for the purpose of this demonstration is a residential improvement that's an "integral part of the residential use." § 39-1-102(14.3). And, although the right parcel remains undeveloped, it's physically touching another parcel that contains a residential improvement. Therefore, our hypothetical right parcel is contiguous to the other two parcels.

¶23 Back in the real world, subject parcel 1 satisfies the contiguity requirement because it physically touches the residential parcel. But subject parcels 2 and 3 don't border the residential parcel. Thus, to satisfy the contiguity requirement, those parcels must physically touch another parcel containing a residential improvement that is "an integral part of the residential use." The BAA didn't

15

make any findings on this issue. Thus, we reverse the BAA's order to the extent it concludes that subject parcels 2 and 3 satisfy the contiguity requirement without using the legal standards we articulate today. We remand for the BAA to determine whether—using those standards— those parcels qualify as "contiguous parcels of land" under section 39-1-102(14.4)(a).[5]

## C. "Used as a Unit"

¶24    The BAA ultimately denied Mr. Ziegler's petition for reclassification because it concluded that his use of the subject parcels doesn't satisfy the "used as a unit" requirement. § 39-1-102(14.4)(a) ("'Residential land' means a parcel or contiguous parcels of land under common ownership upon which residential improvements are located and that is *used as a unit in conjunction with the residential improvements located thereon*." (emphasis added)). The BAA noted that the BCC "correctly applied Section 39-1-102(14.4) and the procedures contained in the ARL"[6] to deny Mr. Ziegler's petition for reclassification. The BAA chiefly relied

---

[5] The BAA and the BCC assert that Aspen Meadows Lane, a public roadway, completely separates subject parcel 1 from subject parcel 3. If that's true then, under *Mook*, subject parcel 3 cannot satisfy the contiguity requirement even if subject parcel 1 contains a residential improvement. However, the BAA didn't make specific findings that Aspen Meadows Lane separates the two parcels. On remand, the BAA should consider whether the roadway defeats  contiguity as to subject parcel 3.

[6] The ARL provides assessors the following guidelines to consider when deciding whether property qualifies as "residential land" under section 39-1-102(14.4)(a):

on the second guideline—"[a]re the parcels considered an integral part of the residence and actually used as a common unit with the residence?"—to uphold the BCC's determination that the subject lots aren't "essential to the enjoyment of the residential improvements," since the "uses claimed by [Mr. Ziegler] . . . on the Subject Lots could be conducted on the Residential Lot."

¶25    However, in *Hogan*, we conclude that the assessor and the BAA erred by interpreting the second guideline to require that any landowner's use of a vacant parcel be "essential" to the enjoyment or use of the residential parcel. ¶ 52. Section 39-1-102(14.4)(a) only requires that "contiguous parcels of land" be "used as a unit in conjunction with the residential improvements located thereon," which indicates that Mr. Ziegler must use the residential and subject parcels together as a collective unit of property for only residential purposes to satisfy the "used as a unit" requirement. *Hogan*, ¶ 51.

---

- Are the contiguous parcels under common ownership?
- Are the parcels considered an integral part of the residence and actually used as a common unit with the residence?
- Would the parcel(s) in question likely be conveyed with the residence as a unit?
- Is the primary purpose of the parcel and associated structures to be for the support, enjoyment, or other non-commercial activity of the occupant of the residence?

2 Div. of Prop. Taxation, Dep't of Local Affairs, *Administrative and Assessment Procedures* 6.11–.12 (rev. Oct. 2019).

17

¶26 The ARL's inclusion of the term "integral" comports with that understanding of the "used as a unit" requirement: Integral means "formed as a unit with another part" and "composed of constituent parts." Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/*integral*; [https://perma.cc/MSG9-ZZV7]. But construing "integral" to mean "essential" would require that Mr. Ziegler demonstrate more than mere collective, residential use of the residential and subject parcels. *Hogan*, ¶ 52; *see* Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/*essential*; [https://perma.cc/49WJ-QX85] (defining essential to mean "of the utmost importance").

¶27 Thus, like in *Hogan*, the BAA here erred in its construction and application of section 39-1-102(14.4)(a). On remand, the BAA should apply the standard we set forth in *Hogan* to determine whether Mr. Ziegler's use of the subject parcels satisfies the "used as a unit" requirement.

### III. Conclusion

¶28 We reverse the BAA's order and remand the case for further action consistent with this opinion.

**JUSTICE SAMOUR** concurs in part and dissents in part, and **JUSTICE BOATRIGHT** and **JUSTICE GABRIEL** join in the concurrence in part and dissent in part.

18

JUSTICE SAMOUR, concurring in part and dissenting in part.

¶29    This case is partly about the meaning of the word "contiguous" in one of our property tax statutes. The majority concludes that the four parcels of land involved here, which are physically connected without a break in the sequence, are not "contiguous." But if these parcels are not "contiguous," then, to borrow from Inigo Montoya's response to Vizzini in the fabled movie *The Princess Bride*, "I do not think it means what [the majority] think[s] it means."[1]

¶30    I begin, though, with the part of the majority opinion with which I agree. The majority correctly reverses the ruling of the Board of Assessment Appeals ("BAA") that was premised on the legal standards we disapprove of today in *Board of County Commissioners v. Hogan*, 2020 CO 12, __ P.3d __. Maj. op. ¶ 3. Contrary to the standards relied upon by the BAA, a residential improvement isn't necessary on each contiguous and commonly owned parcel of land for that parcel to be "used as a unit." *Hogan*, ¶ 60. Rather, a landowner may fulfill the "used as a unit" statutory requirement by using multiple parcels of land together as a collective unit of residential property. *Id.*

---

[1] "You keep using that word [inconceivable]. I do not think it means what you think it means." *The Princess Bride* (Fox 1987).

1

¶31 Where I break with the majority is in the analytical framework it adopts in Part II-B of its opinion for determining contiguity in the multi–parcel context.[2] Therefore, I respectfully concur in part and dissent in part.

## I. Analysis

¶32 In the tetralogy of property tax cases we announce today, we must decide what constitutes "residential land" under section 39-1-102(14.4)(a), C.R.S. (2019). The springboard for my analysis is the same as the majority's—the definition of "residential land" in section 39-1-102(14.4)(a):

> "Residential land" means a parcel or contiguous parcels of land under common ownership upon which residential improvements are located and that is used as a unit in conjunction with the residential improvements located thereon.

As I see it, this definition sets forth four requirements:

(1) the parcels must be contiguous;

(2) the parcels must be under common ownership;

(3) there must be residential improvements located on the parcels (though not necessarily on each parcel); and

(4) the parcels must be used as a unit in conjunction with the residential improvements that are located on them.

---

[2] By "multi-parcel," I mean situations where, in addition to a parcel that contains a residential dwelling unit, there are multiple (two or more) undeveloped parcels.

2

*See id.*[3] "Residential improvements," as used in the above definition, include three categories of improvements on land:

(a) "a building" or a "portion of a building[] designed for use predominantly as a place of residency by a person, a family, or families";

(b) "a manufactured home," "a mobile home," and "a modular home," as those terms are defined by Colorado law; and

(c) "buildings, structures, fixtures, fences, amenities, and water rights that are an integral part of the residential use."

§ 39-1-102(14.3).

¶33    I focus on requirement (1) of the definition of "residential land"—the contiguity requirement. In *Mook v. Board of County Commissioners*, 2020 CO 12, __ P.3d __, which we also announce today, we shed some light on the contiguity inquiry. That case involves two parcels of land, a parcel containing residential improvements (i.e., the Mooks' house) and a parcel that's undeveloped and has no residential improvements. *Id.* at ¶ 7. The parcel on which the Mooks' house is built is already taxed as residential land, and no party takes issue with the determination that it is a residential land parcel because it contains a residential

---

[3] When only one parcel is involved, I read the statutory requirements to be: (1) there must be a parcel, (2) upon which residential improvements are located, and (3) the parcel must be used as a unit in conjunction with the residential improvements located thereon.

3

dwelling unit.  *Id.*  The question we confront there is whether the undeveloped parcel should also be considered residential land for property tax purposes.  *Id.* at ¶ 8.  We conclude that the undeveloped parcel is not residential land because it does not physically touch the residential land parcel and thus fails the "contiguous" requirement (requirement (1)).  *Id.* at ¶ 29.  Thus, *Mook* stands for the proposition that, when two parcels are involved, one which has a residential dwelling unit and the other which is undeveloped, the undeveloped parcel cannot satisfy the contiguity requirement and qualify as residential land if it does not physically touch the parcel containing the residential dwelling unit.  *Id.*

¶34     What happens, though, when there are more than two parcels?  That's the situation in this case.  There are four parcels at issue: a parcel containing residential improvements—namely, Mr. Ziegler's house ("the house parcel")—and three parcels that are undeveloped and contain no residential improvements ("subject parcel 1," "subject parcel 2," and "subject parcel 3").  No one disputes that the house parcel is residential land.  Maj. op. at ¶ 12.  The issue is whether the other three parcels meet the contiguous requirement.  The majority finds that subject parcel 1 is contiguous, but that subject parcels 2 and 3 may or may not be.  I respectfully disagree.  As I demonstrate, all three parcels are clearly contiguous.

4

¶35 What trips up the majority is its treatment of the outcome in *Mook* as establishing the analytical framework for "a multi-parcel assemblage." *Id.* at ¶ 17. The majority imports our ruling in *Mook*—requiring the undeveloped parcel there to physically touch the parcel containing the Mooks' house—and holds that, for multiple parcels to satisfy the contiguity requirement, each parcel must likewise "physically touch another parcel *containing a residential improvement*." *Id.* (emphasis added). Since subject parcel 1 here physically touches a parcel containing residential improvements (the house parcel), the majority concludes that it qualifies as contiguous. *Id.* at ¶ 12. However, as to subject parcels 2 and 3, which do not physically touch the house parcel, the majority determines that they can only satisfy the contiguity requirement if each physically touches a parcel that contains any residential improvements (including buildings, structures, fixtures, fences, amenities, and water rights that are an integral part of the residential use).

¶36 But our holding in *Mook* should not be misunderstood as requiring that an undeveloped parcel must always physically touch a parcel containing a residential dwelling unit (or any other type of residential improvements) to qualify as contiguous. The undeveloped parcel in *Mook* must physically touch the parcel containing residential improvements to so qualify because there are only two parcels there—the undeveloped parcel and the parcel with residential improvements. Indeed, in all cases involving only two parcels, one which has

5

residential improvements and the other which is undeveloped, the undeveloped parcel will necessarily be required to physically touch a parcel with residential improvements to meet the contiguity requirement and potentially qualify for residential land status. However, there is no authority to require the same of every undeveloped parcel when we apply the contiguity requirement in the multi-parcel context.

¶37 In my view, the majority's approach at once engrafts a new requirement onto the statutory definition of residential land, is internally inconsistent, will be difficult to administer, and is likely to lead to arbitrary and absurd results. I discuss each point in turn.

¶38 First, nowhere in the definition of "residential land" did the legislature state that an undeveloped parcel may only qualify for residential land treatment if it is *contiguous to a parcel that contains residential improvements*. Again, here are the residential land requirements the legislature set forth:

(1) the parcels must be contiguous;

(2) the parcels must be under common ownership;

(3) there must be residential improvements located on the parcels (though not necessarily on each parcel); and

(4) the parcels must be used as a unit in conjunction with the residential improvements that are located on them.

¶39 Had the legislature intended to require contiguity to *a parcel containing residential improvements*, it presumably would have said so. What it said instead vis-à-vis the contiguity requirement is that all the parcels in question must be contiguous, which we define in *Mook* today as physically touching. There is no statutory basis to require here that each undeveloped parcel touch *a parcel containing residential improvements*. *See Trujillo v. Colo. Div. of Ins.*, 2014 CO 17, ¶ 12, 320 P.3d 1208, 1213 ("We do not add words to a statute"). Based on the plain and ordinary meaning of "contiguous," all that's required is that each parcel physically touch at least one other parcel without a break in the sequence—that is to say, the parcels must all be physically connected in an unbroken sequence.[4] This is the test *Mook* establishes. As we analogize there, "the *forty-eight contiguous states* of the United States," which are physically connected without a break in the sequence, fit within our definition of "contiguous." *Mook*, ¶ 32. Hence, contrary to the majority's holding in this case, in the multi-parcel context (or even when only two parcels are involved), parcels qualify as residential land for property tax purposes

---

[4] As pertinent here, "contiguous" is defined as "touching or connected throughout in an unbroken sequence." *Contiguous*, Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/*contiguous*; [https://perma.cc/DJE4-VEMZ].

7

if they are under common ownership, are physically connected in an unbroken sequence, have residential improvements located on one or more of them, and are used as a unit in conjunction with those residential improvements. *See* § 39-1-102(14.4)(a).

¶40 Surprisingly, the majority distances itself from the comparison to the forty-eight states we use in *Mook* to explain our understanding of contiguous under section 39-1-102(14.4)(a). Maj. op. ¶ 19 n.3 (explaining that the analytical framework in *Mook* is not sufficient in the multi-parcel context). The majority asks: "if each [of the forty-eight contiguous] state[s] were a parcel of land" and one of them contained a residential dwelling unit, would they all be contiguous? *Id.* at ¶ 19. The answer, of course, is yes, the forty-eight contiguous parcels of land would be contiguous. Contiguous is contiguous. And contiguous means contiguous.

¶41 Doubling down, though, the majority avers that we must avoid this construction because it will lead to "illogical or absurd results." *Id.* But the majority has identified no illogical or absurd results—at least none that are realistic and can be taken seriously. And in expressing trepidation, it overlooks that contiguity is *only one* of the four demanding statutory requirements that must be satisfied to qualify as residential land.

8

¶42 Thus, in the majority's fantastical example, to be considered "residential land": all forty-eight state-size parcels would have to be physically connected without a break in the sequence; all forty-eight state-size parcels would have to be under common ownership; there would have to be residential improvements on one or more of the forty-eight state-size parcels; and all forty-eight state-size parcels would have to be used as a single unit with the residential improvements located on them. It is difficult to fathom that an owner of forty-eight parcels —each the size of a state and forty-seven of which are undeveloped—would ever be able to meet all the statutory requirements to have each undeveloped parcel qualify as residential land. But if he were, our legislature has declared that he's entitled to a property tax break on those parcels.

¶43 Second, the majority's analysis is internally inconsistent. The majority concludes that subject parcel 1 qualifies as residential land because it physically touches a parcel with residential improvements (a residential dwelling unit). *Id.* at ¶ 12. As the majority explains, the contiguity requirement "is necessarily satisfied" when an undeveloped parcel physically touches such a residential land parcel. *Id.* at ¶ 20. But if an undeveloped parcel can satisfy the contiguity requirement by physically touching a residential land parcel, then why is it that subject parcels 2 and 3 don't automatically satisfy the contiguity requirement here? After all, just as subject parcel 1 physically touches a residential land parcel (the

9

house parcel)—thereby qualifying as a residential land parcel itself—subject parcels 2 and 3 each physically touches a residential land parcel (subject parcel 1).

¶44    The majority appears to extend different treatment to:

- an undeveloped parcel that physically touches a residential land parcel that qualifies as such because it contains residential improvements,

    and

- an undeveloped parcel that physically touches a residential land parcel that qualifies as such because it, in turn, physically touches a parcel that contains residential improvements.

In both instances, the undeveloped parcel physically touches a residential land parcel. Yet, only in the first instance is such touching always sufficient for contiguity under the majority's analytical framework. The undeveloped parcel in the second instance may qualify as residential land based on the majority's rationale, but this determination hinges on whether the residential land parcel it physically touches contains "residential improvements," be it a residential dwelling unit or a residential improvement that has to be "an integral part of the residential use" (i.e., buildings, structures, fixtures, fences, amenities, and water rights).

¶45    Under my analysis, which is faithful to the plain language of the statute, no such distinction exists. An undeveloped parcel that physically touches a parcel that qualifies as residential land (regardless of the basis for such qualification) is

10

considered residential land. As such, an undeveloped parcel may qualify as residential land by physically touching either a parcel that contains residential improvements or a parcel that otherwise qualifies as residential land. Therefore, where, as here, an undeveloped parcel like subject parcel 1 qualifies as residential land because it physically touches a parcel containing a residential dwelling unit, any undeveloped parcels such as subject parcels 2 and 3 that physically touch subject parcel 1 also satisfy the contiguity requirement.

¶46 Third, I worry about the administrative challenges unnecessarily created by the majority's methodology. The holding articulated by the majority today with respect to contiguity will make the work of the county assessors more difficult. The majority initially articulates its holding as follows: "[F]or a multi-parcel assemblage to satisfy the contiguity requirement, a parcel of land must physically touch another parcel containing residential improvements." *Id.* ¶ 17. But, as the majority later admits, there's more to its holding. The majority clarifies that, pursuant to the statutory definition of "residential improvements," for some such improvements—namely, buildings, structures, fixtures, fences, amenities, and water rights—more is required: They must be an integral part of the residential use. *Id.* at ¶ 15.

¶47 Accordingly, in determining whether an undeveloped parcel satisfies the contiguity requirement, a county assessor will need to: (1) determine if it

11

physically touches a parcel that contains residential improvements; (2) if so, determine whether those residential improvements are of the residential dwelling unit variety or involve buildings, structures, fixtures, fences, amenities, and water rights; and (3) depending on what type of residential improvements are implicated, determine whether the improvements are an integral part of the residential use.[5] Of course, the county assessor must, additionally, decide whether the undeveloped parcel in question meets the other three requirements of the residential land definition.

¶48 Finally, I fear that today's decision will yield arbitrary and absurd results. Consider, for example, the following hypothetical situation, which is accompanied by the illustration below.[6] Assume that John Doe owns four parcels of land that are physically connected without a break in the sequence. Assume further that the first parcel contains residential improvements (the house where John Doe lives),

---

[5] Interestingly, these administrative burdens have nothing to do with contiguity (at least based on the plain and ordinary meaning of the word) and seem pertinent to the "used as a unit" requirement. But because the majority conflates the contiguous and "used as a unit" requirements, it improperly injects these burdens into the contiguous inquiry.

[6] For the illustration below, *see* https://www.freeiconspng.com/img/45374; [https://perma.cc/6MLN-W76Y]; https://clipartlook.com/img-202945.html; [https://perma.cc/WMX8-94SY].

and that the next three parcels are undeveloped and contain no residential improvements. Finally, assume that all of the parcels are commonly owned by John Doe and are "used as a single unit."



A
(John Doe's House)

B

C

D

¶49 Under the majority's holding, only parcel A (the one containing the house) and parcel B (the one immediately next to it) would meet the contiguous requirement; parcels C and D would not. Yet, the four parcels are no less "contiguous" than the forty-eight contiguous states in the United States: They are all physically connected without a break in the sequence. As such, they fall within our definition of "contiguous" in *Mook*. Importantly, the majority's different treatment of parcel B, on the one hand, and parcels C and D, on the other, is not altered even if there are no fences in between those parcels, and even if all three parcels were purchased together and are equally undeveloped, identical in size and character, and used in exactly the same way. I would avoid this absurd result

and other unintended and undesirable consequences by simply calling it like it is: Parcels that are physically connected without a break in the sequence are contiguous.

## II. Conclusion

¶50    Giving the plain language of section 39-1-102(14.4)(a) its common and ordinary meaning, as I do, leads to a clear test that's easy to apply with consistency and predictability. And it can be applied with the same ease, consistency, and predictability in all factual scenarios—the *Mook* scenario involving only two parcels and any multi-parcel scenario (whether there are three parcels or hundreds of parcels involved). The proper test for the contiguity requirement is simply whether the parcels are physically connected in an unbroken sequence (i.e., whether each parcel physically touches one or more parcels without a break in the sequence). Contiguous in section 39-1-102(14.4)(a) should mean contiguous.

¶51    In this case, I would conclude that the house parcel and subject parcels 1, 2, and 3 are all contiguous because they are all physically connected without a break in the sequence. If, as the majority finds, these four parcels are not contiguous, then we err in observing in *Mook* that the forty-eight contiguous states of the United States provide an example of "contiguous" under § 39-1-102(14.4)(a). Of course, before all the parcels may be classified as residential land for property tax purposes, they must satisfy the other statutory requirements: The parcels must be

14

under common ownership, contain residential improvements (on one or more of them), and be used as a unit in conjunction with those improvements. Applying all of these requirements, including the contiguity requirement, should allay any concerns related to landowners abusing the system and improperly obtaining a residential land tax break on undeveloped parcels.

¶52 Because I believe that the majority errs in its contiguity analysis, and because I am concerned about the consequences of today's troublesome decision, I write separately. Accordingly, I concur in part and dissent in part.

I am authorized to state that JUSTICE BOATRIGHT and JUSTICE GABRIEL join in this concurrence in part and dissent in part.