24CA0426 Backman v San Miguel BOE 02-20-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0426
Board of Assessment Appeals Case No. 23BAA1950

---

Backman Village 14, LLC,

Petitioner-Appellee,

v.

San Miguel County Board of Equalization,

Respondent-Appellant,

and

Board of Assessment Appeals,

Appellee.

---

ORDER AFFIRMED

Division III
Opinion by JUDGE DUNN
Tow and Graham*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 20, 2025

---

Dufford Waldeck Law, Barbara R. Butler, Scott D. Goebel, Grand Junction, Colorado, for Petitioner-Appellee

Maura Fahey, County Attorney, Lane P. Thomasson, Assistant County Attorney, Ouray, Colorado, for Respondent-Appellant

Philip J. Weiser, Attorney General, John August Lizza, First Assistant Attorney General, Thomas J. Archer, Assistant Attorney General, Denver, Colorado, for Appellee

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1 In Colorado, a parcel of land without residential improvements may be classified as residential land — and therefore enjoy a significantly lower tax rate than vacant or commercial land — if the parcel meets certain statutory requirements. In particular, the parcel must contain a "related improvement," and the related improvement must be "essential" to the residential use of "identically owned" and "contiguous residential land." § 39-1-102(14.4)(a)(I)(C), C.R.S. 2024. The issue before us is whether unpaved parking spaces on identically owned, contiguous land can qualify as a related improvement essential to the use of residential land.

¶ 2 After answering "yes" to that question, the Board of Assessment Appeals (BAA) reclassified a parcel of land owned by Backman Village 14, LLC (Backman), from vacant land to residential land. The San Miguel County Board of Equalization (the County) appeals the BAA's order. Because the BAA correctly applied the statute and its determination was supported by sufficient evidence, we affirm.

1

## I. Background

¶ 3    As depicted below, Backman owns two contiguous parcels of land in Telluride, Colorado.  One parcel contains a home and is classified and taxed as residential land (residential parcel).  The adjacent parcel has two unpaved parking spaces, a fenced yard, and an irrigation system (subject parcel).



Map of the two parcels (adapted from the County's Exhibit A to highlight the parking spaces).  The yellow section is the residential parcel, the blue section is the subject parcel, and the pink section is the parking spaces.

¶ 4     From 2007 to 2022, the County classified and taxed the subject parcel as residential land.  For the 2023 tax year, however, the County reclassified the subject parcel as vacant land.

¶ 5     Backman petitioned the County for an abatement, arguing that the subject parcel should have been classified as residential. The County denied the petition.  Backman then appealed to the BAA.

¶ 6     Before the BAA, the parties agreed that Backman owns both parcels and that the parcels are contiguous.  The parties only disputed whether, under the statutory definition of "residential land," the parking spaces, fencing, and irrigation were "related improvement[s]" that were "essential to the use of" the residential parcel.  § 39-1-102(14.4)(a)(I)(C).  On this point, Robert Miller, the managing member of Backman, testified that

- both parcels are in a residential subdivision with "very tight," uniform lots;
- when the home was built, it was intended to be used (and was currently being used) as a rental when unoccupied by the owners;

3

- to "maximize its usefulness" as a rental, the house was built with four bedrooms and four bathrooms and could accommodate up to twelve people;

- the home has a single parking space that cannot fit a large vehicle (for instance, a truck) without jutting into the alleyway;

- street parking is unavailable during the winter due to parking restrictions, parking in the alleyway is prohibited, and the nearest public parking is 1.3 miles away;

- he parked on the subject parcel "right away" before owning it and purchased the subject parcel "[r]ight after" the home was built "to assist with the parking issue";

- he added two unpaved parking spaces and a fenced yard with irrigation to the subject parcel and employed companies year-round to clear the parking spaces of snow and to maintain the yard; and

- the parking spaces, fencing, and irrigation on the subject parcel were "essential" to the use of the residential parcel.

¶ 7    On the other hand, the county assessor testified that the parking spaces were "not essential to the residence."  She stated

4

that the parking spaces were not a related improvement because they were not paved. And she explained that, to "be consistent," the County had a policy that one parking space was "sufficient" for every residence, regardless of the residence's size. Thus, because Backman's residential parcel had one parking space, that parking space was sufficient, and the "extra" parking spaces on the subject parcel were not essential.

¶ 8    The BAA concluded that, under the plain language of subsection (14.4), the parking spaces on the subject parcel were a related improvement. Considering the actual use of the subject parcel, the BAA found that Backman had presented sufficient evidence to show that the parking spaces were essential to the residential parcel.[1]  Accordingly, the BAA reclassified the subject parcel as residential.

¶ 9    After the BAA entered an order recommending that its decision was of statewide concern, the County appealed the BAA's

---

[1] The BAA found insufficient factual support to show that the fencing and irrigation were essential to the residential parcel. Backman doesn't challenge that finding.

5

classification decision. *See* § 39-8-108(2), C.R.S. 2024 (outlining criteria to allow a county to appeal a BAA decision).

## II.  The BAA Properly Classified the Subject Parcel as Residential

¶ 10    The County maintains that the BAA erred by classifying the subject parcel as residential land because the unpaved parking spaces on the subject parcel were neither a related improvement nor essential to the use of the residential parcel. We disagree.

### A.  Standard of Review

¶ 11    The appropriate classification of property for property tax purposes is a mixed question of fact and law. *HCPI/CO Springs Ltd. P'ship v. El Paso Cnty. Bd. of Comm'rs*, 2024 COA 82, ¶ 13.

¶ 12    That means that we defer to the BAA's factual findings if supported by the record. *See Thibodeau v. Denver Cnty. Bd. of Comm'rs*, 2018 COA 124, ¶ 7; *Lodge Props., Inc. v. Eagle Cnty. Bd. of Equalization*, 2022 CO 9, ¶ 26. Whether a taxpayer has proven that the County's classification is incorrect is a question of fact. *Sandra K. Morrison Tr. v. Bd. of Cnty. Comm'rs*, 2020 COA 74, ¶ 9. And it's for the BAA, not this court, to weigh the evidence and resolve any factual conflicts. *Lodge*, ¶ 26. But the BAA's

interpretation of a statute presents a legal question we review de novo. *Thibodeau*, ¶ 6.

¶ 13    We will set aside a BAA order only if its decision constituted an abuse of discretion or was arbitrary and capricious, based on clearly erroneous findings of fact, unsupported by substantial evidence, or otherwise contrary to law. *Lodge*, ¶ 26; § 24-4-106(7)(b), C.R.S. 2024. Conversely, we will uphold the BAA's property classification if it has a reasonable basis in law and is supported by substantial evidence. *O'Neil v. Conejos Cnty. Bd. of Comm'rs*, 2017 COA 30, ¶ 11.

## B.    Residential Land

¶ 14    For property tax purposes,

> "[r]esidential land" means a parcel of land upon which residential improvements are located.  The term also includes:
>
> . . . .
>
> (C) A parcel of land without a residential improvement located thereon, if the parcel is contiguous to a parcel of residential land that has identical ownership based on the record title and *contains a related improvement that is essential to the use of the residential improvement* located on the identically owned contiguous residential land.

7

§ 39-1-102(14.4)(a)(I)(C) (emphasis added).[2]  "Related improvement" means "a driveway, *parking space*, or improvement other than a building, or that portion of a building designed for use predominantly as a place of residency . . . ."  § 39-1-102(14.4)(a)(III)(B) (emphasis added).

¶ 15    The County contends that the BAA misconstrued subsection (14.4) "to require a showing of 'actual use' rather than a showing that" the subject parcel "*contains* a statutory-related improvement."

¶ 16    But the BAA didn't do that.  Rather, applying the statute's definition of "a related improvement" — which plainly includes a "parking space" — to the facts presented, the BAA concluded that the subject parcel's parking spaces were a related improvement essential to the use of the residential parcel.

¶ 17    Not satisfied with the BAA's application of the statute's plain language to the facts, the County baldly asserts that "the legislature could not have intended the word 'parking space' to be satisfied by merely showing that a truck can be parked on dirt or grass."

---

[2] The legislature amended the statute to include the emphasized language in 2021.  *See* Ch. 63, sec. 1, § 39-1-102(14.4)(a)(I)(C), 2021 Colo. Sess. Laws 252-53.

¶ 18    The County's position is unexplained and unsupported by the statute's plain language.  After all, a "parking space," is nothing more than "a place to park a car" or "truck."  Merriam-Webster Dictionary, https://perma.cc/WQ53-UETF.  Had the legislature intended to limit the definition of a parking space to only paved parking spaces, it could have done so.  *See Del Valle v. Cal. Cas. Indem. Exch.*, 2022 COA 138, ¶ 17.  Instead, it included "parking space" — without qualification — within the definition of a related improvement.  *See id.*  To agree with the County's interpretation, we'd have to add words to the statute; we don't do that.  *See Ziegler v. Park Cnty. Bd. of Cnty. Comm'rs*, 2020 CO 13, ¶ 19.

¶ 19    The County relatedly suggests that the subject parcel cannot "contain" a parking space unless that space is paved.  But, again, the plain meaning of the statute doesn't support this argument.  "Contain" simply means "to have within," "hold," or "include."  Merriam-Webster Dictionary, https://perma.cc/ZRG9-SZVK.  It's undisputed that the subject parcel "includes" parking spaces.  That the parking spaces are unpaved doesn't mean they are not contained on the subject parcel.

9

¶ 20    We therefore reject the County's contention that the BAA misconstrued subsection (14.4) by concluding that the unpaved parking spaces were a related improvement.

C.    Sufficient Evidence Supports the BAA's Decision

¶ 21    After considering the evidence presented, and the plain meaning of "essential," the BAA found that the parking spaces on the subject parcel were essential to the use of the residential parcel. *See* Merriam-Webster Dictionary, https://perma.cc/Y4E5-R5L2 ("essential" means "of the utmost importance"); *accord Mook v. Bd. of Cnty. Comm'rs*, 2020 CO 12, ¶ 52 (same). The County says that "legally insufficient" evidence supported this finding.

¶ 22    As we understand it, the County argues that no testimony was presented about the renters' need for the parking spaces on the subject parcel. True, Miller didn't specifically testify about the renters' use of the parking spaces. But he testified that the single parking space on the residential parcel was insufficient for his own use; he purchased the subject parcel to provide parking spaces for the residential parcel; he used the unpaved parking spaces for parking; the home can accommodate up to twelve guests; the home was built that way to maximize its usefulness as a rental; the home

10

was currently used as a rental; he paid to maintain the parking spaces in the winter; on-street and public parking options were limited; and the parking spaces were essential to the use of the residential parcel.  This is more than sufficient evidence to support the BAA's finding that the parking spaces on the subject parcel were essential to the use of the residential parcel.

¶ 23    We are unpersuaded otherwise by the County's reliance on the assessor's testimony that the parking spaces weren't essential.  The BAA was not required to credit — and, in fact, did not credit — the assessor's subjective determination that a single parking space for a midsize car was "sufficient" for a four-bedroom home.  We may not reweigh the evidence or substitute our judgment for that of the BAA.  *See Lodge*, ¶ 26.

¶ 24    And while we agree with the County that an assessor's classification is generally presumed correct, that presumption is rebuttable when — as here — the taxpayer proves by a preponderance of the evidence that the classification is incorrect.  *See Thibodeau*, ¶ 7.  We therefore conclude that sufficient evidence supports the BAA's determination that the parking spaces on the

11

subject parcel were a related improvement essential to the use of the residential parcel.[3]

### D. The BAA Properly Considered the Subject Parcel's Actual Use

¶ 25    Last, the County asserts that the BAA erred by determining the parking spaces were essential because it "failed to fully consider or apply all relevant factors" for classifying property as described in *Mission Viejo Co. v. Douglas County Board of Equalization*, 881 P.2d 462 (Colo. App. 1994).

¶ 26    *Mission Viejo*, considered and cited by the BAA, specifies that the relevant factors for classifying property, as established by the property tax administrator, are (1) "the actual use of a structure"; (2) "the zoning and any other applicable use restrictions"; and (3) "the probable use." *Id.* at 465.

---

[3] To the extent the County now suggests that the parking spaces "would be for use by renters for the commercial use of the home, not for the residential use of the home," it didn't raise that argument before the BAA. Nor did the County challenge the classification of the residential parcel. We decline to consider an argument raised for the first time on appeal. *See Bullock v. Brooks*, 2025 COA 6, ¶ 33; *see also Hertz Corp. v. Indus. Claim Appeals Off.*, 2012 COA 155, ¶ 32 (issue not raised during administrative workers' compensation proceedings waived on appeal).

¶ 27    Though the County claims the BAA failed to consider each of these factors, it directs us to no authority that requires the BAA to consider every factor.  To the contrary, the property tax administrator directs that the "primary criterion for classification is the actual use of the land on the assessment date"; that an assessor "*may* also consider such things as zoning or use restrictions, historical use, or consistent use"; and that "[w]hen unable to determine actual use," an assessor "*may* consider the land's most probable use."  3 Div. of Prop. Tax'n, Dep't of Loc. Affs., *Assessors' Reference Library* § 2, at 2.3 (rev. Dec. 2024) (emphasis added); *see also Hogan v. Bd. of Cnty. Comm'rs*, 2018 COA 86, ¶ 15 (citing the property's actual use as the primary factor to consider when classifying property), *aff'd sub nom. Mook*, 2020 CO 12.  Thus, consideration of factors beyond the property's actual use is discretionary.

¶ 28    And, at any rate, the County doesn't identify how the remaining two factors are relevant to the subject parcel's classification.  Nor does it explain why, had the BAA considered these factors, the subject parcel's classification would have been different.  Without any developed argument on this point, we

decline to consider it. *See Woodbridge Condo. Ass'n v. Lo Viento Blanco, LLC*, 2020 COA 34, ¶ 44, *aff'd*, 2021 CO 56.

¶ 29     To the extent the County argues that the BAA didn't fully consider the subject parcel's actual use, we disagree. Miller testified — and it was undisputed — that the parking spaces were used for parking.

¶ 30     Finally, we disagree with the County's broad contention that the BAA's decision undermines the statute by allowing a property owner to "park a vehicle on a vacant lot" and "deem" the lot "residential." That's not what the BAA did. Under the specific circumstances presented here, the BAA found the subject parcel had a related improvement that was essential to the use of the residential parcel. Whether and to what extent a property owner can present evidence to support the classification of real property as residential land will depend on the specific facts presented about the property at issue and whether those facts satisfy the criteria of subsection (14.4). All we conclude here is that Backman presented sufficient evidence to support the BAA's property classification with respect to the subject parcel.

¶ 31    For all these reasons, we conclude that the BAA's property classification has a reasonable basis in law and is supported by substantial evidence; thus, we may not disturb it.

### III. Disposition

¶ 32    We affirm the order.

JUDGE TOW and JUDGE GRAHAM concur.